## Haws v. Haws

*Eli F. Wismer*, for libellant.

DANNEHOWER, J., August 4, 1943.—Libellant wife seeks a divorce on the ground of desertion. Service upon respondent was obtained by publication. Libel-

lant filed an affidavit of respondent's last known residence as ½ M Street, Washington, D. C.

On May 28, 1943, the master sent notice of the meeting to respondent at that address by registered mail. This letter was returned and marked by the postal authorities: "Moved, left no address".

On July 30, 1943, when the master's report was filed, libellant also filed an affidavit under the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, averring that "from observation and reliable information received respondent is 47 years of age; that his last known residence is ½ M Street, Washington, D. C., and it also appears that service a mechanic and is not engaged in the military or naval service".

The Montgomery County rule of court (Divorce 15, par. 11) provides that libellant shall file with the court an affidavit "setting forth facts showing whether or not respondent is in the military service of the United States".

Since the testimony reveals that respondent deserted libellant in May 1927, then became a taxicab driver in Washington, D. C.; and it also appears that service upon respondent was obtained by publication, and the master's registered letter was returned, the affidavit of nonmilitary service is not sufficient, because it does not set forth facts, the source of libellant's information, or the time she acquired such knowledge, so that the court may be convinced of its truth. It would appear that the affidavit is a guess based on knowledge acquired some years previous.

If libellant does not have recent knowledge of respondent's whereabouts, she should file an affidavit that she is unable to determine whether or not respondent is in the military service and then produce certificates from the Army and Navy showing defendant is not in the service.

Under the circumstances, the affidavit of nonmilitary service is not convincing unless it states additional facts, as it is the duty of the court to protect the rights of those who may be in the military service.

And now, August 4, 1943, the master's report is herewith returned to the prothonotary's office, to give libellant an opportunity to file an additional affidavit under the Soldiers' and Sailors' Civil Relief Act of 1940, stating facts concerning respondent's nonmilitary service, the source of her knowledge, and when she acquired same, or to file an affidavit that libellant is unable to determine whether or not respondent is in the military service and then produce certificates from the Army and Navy authorities showing that respondent is not in the military service.